1

2

3

4

5

6

7

8                                IN THE UNITED STATES DISTRICT COURT

9                               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BRUCE ARMAND CERNY,

11                Petitioner,                    No. 2:10-cv-2190 GEB KJN P

12        vs.

13   K.L. DICKINSON, et al.,

14                Respondents.              FINDINGS AND RECOMMENDATIONS

15   _____/

16                Petitioner is a state prisoner, proceeding without counsel, with an application for a

17   writ of habeas corpus pursuant to 28 U.S.C. § 2254.  By order filed June 29, 2011, petitioner was

18   directed to inform the court, within thirty days, whether he wished to pursue the instant petition

19   for writ of habeas corpus, or requested withdrawal of this action without prejudice.  (Dkt. No.

20   18.) Specifically, petitioner was provided an opportunity to advise the court whether he

21   challenged issues other than the "some evidence" claim addressed by Swarthout v. Cooke, 131 S.

22   Ct. 859, 861 (2011).  (Dkt. No. 18 at 3.)  Thirty days have elapsed and petitioner failed to

23   respond to the court's June 29, 2011 order.

24                In the grounds for relief section of the instant petition, petitioner refers the court to

25   petitioner's "Brief in Support of Petition for Writ of Habeas Corpus."  (Dkt. No. 1 at 6, 7.)  In

26   petitioner's "Brief," petitioner claims that his federal constitutional right to due process was

1

violated by the 2007 and 2008 decisions of the California Board of Parole Hearings (hereafter "the Board") to deny him a parole date, specifically arguing that the parole denial was "contrary to, and [an] objectively unreasonable application of, the U.S. Supreme Court some evidence standard."  (Dkt No. 3 at 3, 8, 9.)

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin,  545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause.  Swarthout, 131 S. Ct. at 861.  In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness.  In re

1   Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53

2   (2002).  However, in Swarthout the United States Supreme Court held that "[n]o opinion of

3   [theirs] supports converting California's 'some evidence' rule into a substantive federal

4   requirement."  Swarthout, 131 S. Ct. at 861.  In other words, the Court specifically rejected the

5   notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of

6   evidence presented at a parole proceeding.  Id.  Rather, the protection afforded by the federal due

7   process clause to California parole decisions consists solely of  the "minimal" procedural

8   requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement

9   of the reasons why parole was denied."  Swarthout, at 861-62.

10          Here, the record reflects that petitioner was present at the 2007 parole hearing,

11   that he participated in the hearing, and that he was provided with the reasons for the Board's

12   decision to deny parole.  (Dkt. No. 1-12 at 1-92.)  The record reflects that petitioner was present

13   at the 2008 parole hearing, that he participated in the hearing, and that he was provided with the

14   reasons for the Board's decision to deny parole.  (Dkt. No. 1-13  at 1-69.)  According to the

15   United States Supreme Court, the federal due process clause requires no more.  Therefore,

16   petitioner's application for a writ of habeas corpus should be denied.

17          IT IS HEREBY RECOMMENDED that petitioner's application for writ of habeas

18   corpus be denied.

19          These findings and recommendations are submitted to the United States District

20   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

21   one days after being served with these findings and recommendations, any party may file written

22   objections with the court and serve a copy on all parties.  Such a document should be captioned

23   "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

24   objections, he shall also address whether a certificate of appealability should issue and, if so, why

25   and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

26   the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C.

1    § 2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

2    service of the objections.  The parties are advised that failure to file objections within the

3    specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951

4    F.2d 1153 (9th Cir. 1991).

5    DATED:  August 11, 2011

6

7

8                                                         KENDALL J. NEWMAN

9                                                         UNITED STATES MAGISTRATE JUDGE

10   cern2190.157

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4